## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    v.                                   Criminal Action No. 2:13cr44

COURTNEY LEE KNIGHT,

       Defendant.

### ORDER/OPINION REGARDING PLEA OF GUILTY

This matter is before the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Courtney Lee Knight, in person and by counsel, Scott Curnutte, appeared before me on December 16, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Thirteen of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the same to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Prior to summarizing the agreement, the AUSA advised that the Count to which Defendant was pleading had been changed from Count Twelve to Count Thirteen. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with his understanding of the same. Upon inquiry, the AUSA advised that there had been a prior offer made to Defendant. The only change was the count to which he would plead, and the only reason for the change was that the factual basis for Count Thirteen was stronger than that for Count Twelve. Counsel for Defendant agreed there had been a prior offer, and that only the Count had been changed. In all other respects the agreements were the same. Nevertheless, both counsel and Defendant advised

that counsel had reviewed both offers with Defendant. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Courtney Lee Knight, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court inquired and Defendant advised that he is a United States citizen. The Court then advised and determined Defendant understood that if he is not a United States citizen, conviction may subject him to deportation, prohibition on entering the United States, and inability to obtain U.S. citizenship.

The undersigned Magistrate Judge examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Thirteen of the Indictment, including the elements the United States would have to prove at trial, charging him with possession of pseudoephedrine to be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(c)(2). From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony, or drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct: Did you and your lawyer discuss, and did you understand from that discussion, that under 18 USC section 3742 you have a right within to appeal your conviction and sentence to the Fourth Circuit Court of Appeals, provided that you give notice of intent to appeal within 14 days of sentencing?

Def: Yes, your Honor.

Ct: Did you also discuss and do you understand from that discussion with your lawyer that you may file a motion under 28 United States Code Section 2255 collaterally attacking or challenging your sentence and how that sentence is being carried out --executed?

Def: Yes, your Honor.

Ct: Mr. Knight, did you understand from your discussions with your attorney and your review of that paragraph, that if the District Judge imposes a sentence which is equal to an advisory guideline sentence with a guideline total offense level of 23 or lower then you give up your right to directly appeal that sentence to the Fourth Circuit Court of Appeals?

Def: Yes, your Honor.

Ct; Is that what you intended to do by signing the agreement with paragraph 13 in it, Mr. Knight?

Def: Yes, your Honor.

Ct: Do you each understand that under paragraph 14 of your written plea agreement you give up– waive your right to collaterally attack or challenge your sentence, including but not limited to a motion brought under 28 USC section 2255 which is commonly called habeas corpus?

Def: Yes, your Honor.

Ct: And you intended to give up that valuable right by signing the written plea agreement with paragraph 14 in it. Is that correct?

Def: Yes, your Honor.

Ct: Did you each understand and go over word by word with your attorney the provisions of paragraph 13 and the provisions of paragraph 14 before you signed your written agreement?

Def: Yes, sir, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Thirteen of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Thirteen of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant acknowledged his understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court also advised Defendant regarding the United States' agreement to recommend that the Court's sentencing Order include a recommendation that Defendant participate in the Bureau of Prisons RDAP. The Court advised that even if the United States did make that recommendation, the Court was not bound to follow it, and that even if the Court did make that recommendation the Bureau of Prisons was not bound to follow that recommendation. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that the parties stipulated that the "risk" enhancement in Guideline 2D1.1(b)(13) did not apply and that he was a minimal participant in the criminal activity, but that the district judge is not bound by that stipulation.

Defendant also understood that, although he was pleading guilty to one count in the Indictment, any other counts would not be dismissed at this time. The United States would move to dismiss the remaining counts (if any) in the Indictment against him at sentencing.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea.

Finally, Defendant understood that even if his counsel had shown him the guideline chart and estimated a term or range of imprisonment, he could not take that estimate as a guarantee or promise that the district judge would impose that term or range of imprisonment, and that, if sentenced to a higher term or range of imprisonment, he would not be permitted to withdraw his guilty plea.

Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court advised Defendant and determined Defendant understood that if he pled guilty to the offense and the undersigned accepted that plea, he would be "found guilty" of the felony offense charge in Count Thirteen of the Indictment.

Thereupon, Defendant, Courtney Lee Knight, with the consent of his counsel, Scott Curnutte, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Thirteen of the Indictment.

The Court would generally hear the testimony of a Government witness at this point in the hearing in order to provide an independent basis in fact to support the guilty plea. In this case, however, the parties had agreed to a proffer by the AUSA in place of live witness testimony. The AUSA then proffered that on April 30, 2013, police searched the home of Defendant's co-defendants Elizabeth Sampsell and her son, Timothy Hawks. Defendant, as well as the other three co-defendants, was seen exiting a bedroom where the materials listed in Count Three were located. The police obtained statements from all four defendants in this case. Sampsell stated that when the police knocked, she went back to tell "Timmy." Several times she saw "Cindy," "Courtney," and "Timmy" with a soda bottle that contained a mixture of liquid and "stuff." They would shake the bottle at times. Defendant would not admit he assisted in making methamphetamine. In fact, he denied helping make it. At first he said he purchased pseudoephedrine only for his girlfriend, who had bad allergies, but then did state he had bought for Scott Greenwald (a defendant in a different case) to make meth two weeks before the search. He bought meth from Greenwald for about a year, once a month. He would buy approximately ½ gram

for $50.00. The NPLEx registry showed a purchase of pseudoephedrine by Defendant at the CVS in Romney, West Virginia, approximately two weeks prior to the search, consistent with Defendant's statement.

Defendant stated he heard, understood and agreed with the Government's proffer. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Thirteen of the Indictment is supported by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Thirteen of the Indictment; Defendant understood the consequences of his plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Thirteen of the Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Thirteen of the Indictment. Defendant is accordingly **FOUND GUILTY** of the felony offense of knowing possession of pseudoephedrine to be used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(c)(2).

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an order setting conditions of pretrial release previously entered in this matter, with the addition of a condition that he not purchase any product containing pseudoephedrine unless it had been prescribed by a physician.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: December 17, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE